```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                                        :
                                                              :
JOSEPH P. BYRNE and JENNIFER M. BYRNE,                        :
                        Debtors.                              :     OPINION AND ORDER
--------------------------------------------------------------x
JOSEPH P. BYRNE and JENNIFER M. BYRNE,                        :     22 CV 8762 (VB)
                        Appellees,                            :
                                                              :
v.                                                            :
                                                              :
KRISTA M. PREUSS,                                             :
                        Appellant.                            :
--------------------------------------------------------------x
--------------------------------------------------------------x
IN RE:                                                        :
                                                              :
CURTIS E. BOONE,                                              :
                        Debtor.                               :
--------------------------------------------------------------x
CURTIS E. BOONE,                                              :     22 CV 8767 (VB)
                        Appellee,                             :
                                                              :
v.                                                            :
                                                              :
KRISTA M. PREUSS,                                             :
                        Appellant.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

      Appellant Krista M. Preuss, the Standing Chapter 13 trustee in the debtors' underlying bankruptcy proceedings (the "Trustee"), appeals from orders of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris), dated August 15, 2022, granting the fee applications of debtors' counsel. (R-97, R-232).[1] The Trustee argues the

---

[1]     "R-__" refers to the Record on Appeal submitted by the Trustee in each case pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure. (See In re Byrne, No. 22-CV-8762, Docs. ##20-2 through 20-14 (S.D.N.Y. filed Jan. 9, 2023); In re Boone, No. 22-CV-8767, Docs. ##15-2 through 15-14 (S.D.N.Y. filed Jan. 9, 2023)).

1

bankruptcy court failed properly to apply Section 330 of the Bankruptcy Code in granting the requested fee applications and improperly shifted an evidentiary burden to the Trustee to demonstrate the fees were unreasonable.

For the reasons set forth below, the bankruptcy court's orders are AFFIRMED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

I.   Byrne Fee Application

Debtors Joseph P. and Jennifer M. Byrne (the "Byrne Debtors") filed for chapter 13 bankruptcy on January 15, 2020.  In re Byrne, No. 20-35053 (Bankr. S.D.N.Y.) (the "Byrne Case").  Andrea B. Malin, Esq., of Genova, Malin & Trier, LLP ("Counsel"), served as the Byrne Debtors' counsel.

On March 15, 2022, the Trustee filed a post-confirmation motion to dismiss the Byrne Case.  The motion argued the Byrne Debtors had failed to make required plan payments and provide income tax returns to the Trustee.  However, on April 14, 2022, the Trustee withdrew the motion.  The Byrne Debtors did not file an opposition to the motion before it was withdrawn.

Counsel subsequently filed a fee and expense application for work done in connection with the motion to dismiss, seeking fees of $1,665 for 4.7 hours of work by Counsel and her paralegal.  (R-20).  In the fee application, Counsel summarized the work performed as follows:

> In order to defend the debtors with regard to [the motion to dismiss], the firm was required to review the Motion, discuss the Motion with the Chapter 13 Trustee's Office, review the debtors' payment history, have several discussions with the debtors, obtain the amount necessary for the debtors to come current with the plan payments from the Trustee's Office, confirm that the debtors made the necessary payments to bring the plan current entitling the debtors' to withdrawal of the Motion to Dismiss and to ensure that once the debtors became current with the payments under the plan, that the Motion to Dismiss was withdrawn by the Trustee.

(Id.).  Counsel also sought approval of $845 of fees for 2.6 hours of work she and her paralegal performed on the fee application.  (R-21).

Counsel explained the requested fees represented $450 per hour for her work and $200 per hour for paralegal work.  Counsel certified these rates are "in accordance with practices customarily employed by the applicant and generally accepted by applicant's clients."  (R-40).  The fee application also noted Counsel had been practicing law for thirty-one years and that this "high level of expertise and experience" allowed her to keep the number of hours expended to a minimum.  (R-21).

Finally, Counsel sought reimbursement for $55.34 worth of copying and postage expenses.  (R-23).  Accordingly, Counsel sought a total award of $2,510 in fees and $55.34 in expenses for work in the Byrne Case.  Counsel attached itemized time and expense records to her fee application.  (R-34–39).

The Trustee opposed the fee application based on "the comparative lack of value to cost [of the fees] in this case" for work on a "routine" motion.  (R-52).  The Trustee's motion papers also stated the Trustee sought "to make the Court aware of a creeping pattern in which Counsel sees every motion practice by the Trustee, no matter how routine and easily resolvable, as a billing opportunity."  (R-51).

In reply, Counsel argued even routine motions "create a great deal of work" and her work was supported with detailed billing records.  (R-58).  Counsel also pointed out the work was only performed to defend the Byrne Debtors against a motion filed by the Trustee, and if Counsel failed to do so, she "would be guilty of" not fulfilling her fiduciary duty to the Byrne Debtors.  (Id.).

3

II.     Boone Fee Application

Debtor Curtis E. Boone (the "Boone Debtor") filed for chapter 13 bankruptcy on December 14, 2021.  In re Boone, No. 21-35888 (Bankr. S.D.N.Y.) (the "Boone Case").

On March 24, 2022, the New York State Thruway Authority filed a proof of claim in the Boone Case asserting an unsecured claim in the amount of $510.12 for "E-Z Pass."  (R-134–135).

On April 19, 2022, the bankruptcy court was scheduled to conduct a hearing on confirmation of the Boone Debtor's chapter 13 plan.  The Trustee objected to confirmation on the basis that the Thruway Authority's claim was not timely filed and needed to be expunged.  Therefore, the court adjourned the hearing and directed Counsel to object to the claim.  (R-206).

On April 20, 2022, Counsel, on behalf of the Boone Debtor, filed an objection to the proof of claim.  The claim objection was not opposed, and on June 10, 2022, the bankruptcy court granted the objection and expunged the claim.  (R-128–129).

On June 9, 2022, Counsel filed a fee and expense application for work in connection with the claim objection, seeking fees of $2,245.  This amount represented compensation for 6.1 hours of work by Counsel and her paralegal, including:

> discuss[ing] the issue with the debtor, discuss[ing] the issue with counsel for NYS, provid[ing] case law supporting a finding that the NYS Thruway Authority was not a governmental unit under the Code and thus did not benefit from the extended time period . . . for the filing of a claim . . . , and attend[ing] a Court Conference.

(R-152).  Counsel argued, because of her work, the Boone Case chapter 13 plan was "ready to be confirmed" by the bankruptcy court.  (R-186).

Counsel also sought $885 in fees representing 2.8 hours of total work by Counsel and her paralegal in preparing the fee application (R-152), and reimbursement for $52.27 of copy and postage expenses.  (R-155).

4

As in the Byrne Case, the fee sought for work in the Boone Case represented rates of $450 per hour for Counsel and $200 per hour for her paralegal. Accordingly, Counsel sought a total award of $3,130 in fees and $55.27 in expenses for work on the Boone Case.[2] She attached itemized time and expense records to her fee application. (R-166–171).

The Trustee opposed the fee application, arguing the objection provided no benefit to the estate because the objected-to claim, if permitted to remain in the case, would only have resulted in a $25 payment to the claim holder (because of pro-rata reductions to amounts payable to general unsecured creditors under the Boone Debtor's chapter 13 plan). Thus, according to the Trustee, like in the Byrne Case, the bankruptcy court should have denied the fee application because of "the comparative lack of value to cost in this case and based on the totality of the [c]ourt's experience in administering Chapter 13 cases in this district." (R-183).

III.     Hearings on the Fee Applications

On July 12, 2022, the bankruptcy court conducted hearings on the two fee applications.

The hearing in the Byrne Case was first. During the hearing, the court noted the Trustee's written opposition merely asserted the fees were incurred on routine work and did not provide "concrete information that [the bankruptcy judge could] make a ruling on." (R-66–67). The Trustee requested an adjournment to supplement her opposition, which the court granted, adjourning the hearing to August 9, 2022. (R-67).

A few minutes after the Byrne Case hearing, the court held a hearing on the Boone Case fee application. During that hearing, the court likewise informed the Trustee she had to submit

---

[2] Counsel also sought payment for a $1,000 retainer under her agreement with the Boone Debtor, but the Trustee did not object to that payment (R-181), and thus, it is not discussed in this Opinion and Order.

5

"more information" supporting the objection, and that the two cases would be handled together on August 9.  (R-196).

Subsequently, the Trustee filed supplemental oppositions to each fee application.  Neither supplemental opposition engaged in a lodestar analysis, or criticized the amount of time Counsel and her staff expended, or compared the proposed rates to those employed by other professionals in the district.

In the Byrne Case, the Trustee repeated her contention that the motion to dismiss was "routine" and stated it was filed "largely to advise debtors and their counsel on deficiencies in filings, payments, and submission of tax returns."  (R-75).  In her response, Counsel emphasized the work performed was necessary to avoid dismissal of the case and to "fulfill[] counsel['s] fiduciary duty to their debtors."  (R-79–80).

In the Boone Case, the Trustee repeated her argument that Counsel's work objecting to the Thruway Authority claim was not beneficial to the estate because, if not objected to and permitted to be paid, it would only have been a $25 distribution.  (R-203–204; see also R-182). The Trustee also argued this work would not have been undertaken by a reasonable attorney in this District.  In response, Counsel argued, absent her work on the claim objection, "the plan would not have been confirmed and the case ultimately dismissed" and "the preparation, filing, serving and prosecution of a Motion Objecting to [a] Claim of this nature requires the same amount of time and expense regardless of the amount for which an objectionable claim is filed." (R-207).

On August 9, 2022, the bankruptcy court held subsequent hearings on each fee application.  During each hearing, the court noted the Trustee had not analyzed the requested fees against other fee applications in the district.  Regarding the Boone Case, the court also stated

the Trustee could have objected to the late-filed claim she took issue with, so to avoid "putting it off on the Debtor," particularly when it was the Trustee who objected that the claim had to be expunged. (R-220–221).

Accordingly, by bench ruling, the bankruptcy court overruled the Trustee's objections and granted both fee applications.

On August 29, 2022, the Trustee filed these related appeals.

## DISCUSSION

I. Standard of Review

A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact under a clearly erroneous standard. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009). However, discretionary rulings of a bankruptcy court are reviewed for abuse of discretion. In re Tingling, 990 F.3d 304, 307 (2d Cir. 2021).

"A bankruptcy court abuses its discretion when its ruling (1) rests on an error of law or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions." In re Fletcher Int'l, Ltd., 661 F. App'x 124, 126 (2d Cir. 2016) (summary order).[3]

Thus, a district court reviewing a bankruptcy court's discretionary ruling must focus on "whether there is a reasonable basis in the record to support the propriety of the bankruptcy judge's decision, not on whether the appellate court might have ruled differently if presented with the same evidence." Bernheim v. Damn & Morley, LLP, 2007 WL 1858292, at *1 (2d Cir. 2007) (summary order).

"Bankruptcy courts enjoy wide discretion in determining reasonable fee awards, which

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

7

discretion will not be disturbed by an appellate court absent a showing that it was abused." In re JLM, Inc., 210 B.R. 19, 23 (B.A.P. 2d Cir. 1997).

II.     The Section 330 Fee Awards

The Trustee argues that, in granting the fee applications, the bankruptcy court considered only the "reasonableness" of the requested fees in disregard of the other factors set forth in Section 330 of the Bankruptcy Code. The Trustee also argues the court improperly shifted an evidentiary burden to the Trustee to establish the fees were unreasonable.

The Court disagrees.

A.      Legal Standard

Section 330 governs the consideration of professional fee applications. 11 U.S.C. § 330(a)(1); see also id. § 327(a). It provides that the court, after a hearing, may award "reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by" such attorney, and "reimbursement for actual, necessary expenses." Id. § 330(a)(1).[4]

Moreover, in chapter 13 cases involving individual debtors, the bankruptcy court "may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in" Section 330(a). 11 U.S.C. § 330(a)(4)(B).

---

[4] Section 330 also permits the court to "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).

8

Section 330(a)(3) provides:

In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  Section 330(a)(4) provides "the court shall not allow compensation for: (i) unnecessary duplication of services; or (ii) services that were not-- (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case."  Id. § 330(a)(4)(A).

"The application of Section 330's factors is not a matter of mechanically counting up the factors, to determine reasonableness by a majority tally."  In re Wilson, 2022 WL 24058, at *17 (Bankr. E.D.N.Y. Jan. 3, 2022).  Instead, "[t]he prevailing method for weighing § 330(a)(3) factors is the 'lodestar' approach" which requires determining "the number of hours reasonably worked on a case multiplied by the reasonable hourly rate."  In re Polanco, 626 B.R. 12, 22 (Bankr. E.D.N.Y. 2021).

Thus, "bankruptcy courts enjoy wide discretion in determining reasonable fee awards," and "[i]n exercising this discretion, the court may call upon its knowledge and experience in similar matters, and in the case at hand." In re Wilson, 2022 WL 24058, at *18.

"Under Section 330(a), the applicant bears the burden of proof on its claim for compensation." In re Molina, 632 B.R. 561, 671 (Bankr. S.D.N.Y. 2021). "Once that burden is met, a party opposing a fee application must carry the burden of explaining what therein is unreasonable or, at least, what would be reasonable under the circumstances." Id.

B.    Analysis

Here, the record shows the bankruptcy court considered the Section 330(a)(3) factors, including the complexity of the tasks performed, the reasonableness of the rate charged, and the benefit or necessity of the services to the chapter 13 cases.

For example, during the August 9, 2022, hearing in the Boone Case, the court asked Counsel to justify the amount of her requested fees, to which Counsel explained she researched whether the Thruway Authority was a governmental unit (which impacted the timeliness of the claim). (R-217–218). Counsel also pointed out that, because of her work, "the Debtor can now have his plan confirmed over the objection of the Trustee at the last hearing." (R-217). The bankruptcy judge agreed "[t]he Debtor had the right to object to a late-filed claim" and determined, on the record, the "fees incurred [were] reasonable." (R-222).

Moreover, in both cases, the bankruptcy court had before it detailed billing records showing the specific work Counsel and her paralegal performed. Those records include only short-duration time entries for discrete tasks, such as, with respect to the Byrne Case, discussing the motion to dismiss with the debtors and obtaining the information necessary to secure withdrawal of the motion. See In re Polanco, 626 B.R. at 26 (finding billing records provided

"sufficient detail, on a professional-by-professional and day-by-day basis, to understand and assess the nature of the work that was done" when average recorded time entries were 0.9 hours per entry by attorney and 0.3 hours per entry by paralegal).

In addition, as the Trustee notes, the bankruptcy judge who ruled on these fee applications is "the judge presiding . . . over all chapter 13 bankruptcy cases in the Southern District of New York." (Appellant Brief at 15).[5] Clearly, the bankruptcy court was not working from a blank slate when considering the complexity, importance, and nature of the tasks performed in each fee application, and her determination that the fee requests were reasonable is thus entitled to substantial deference. Cf. Fetman v. Musso, 2021 WL 736445, at *6 (E.D.N.Y. Feb. 25, 2021) (affirming fee award when the bankruptcy judge had "presided over this protracted, years-long bankruptcy for its duration and had the opportunity to evaluate first-hand the quality of [the professional's] performance").

The Trustee takes issue with the bankruptcy court's ruling that the Trustee was required to support its objection to the fee applications with fact-based arguments. However, this describes standard fee motion practice, not an impermissible evidentiary burden shift. For example, in In re Wilson, a case relied on by the Trustee, a trustee's fee application objection took specific issue with the debtor's counsel's requested hourly rate by identifying an allegedly lower "standard hourly fee range for consumer bankruptcy work for solo and small firm practitioners in the Eastern District of New York," and pointing out that the hourly rates charged exceeded those in the attorney's retainer agreement. 2022 WL 24058, at *12. Expecting the Trustee to proffer similar support here was not error.

---

[5] The Appellant Brief is filed as Doc. #20 in the Byrne Case appeal, No. 22-CV-8762 (S.D.N.Y. filed Jan. 9, 2023), and as Doc. #15 in the Boone Case appeal, No. 22-CV-8767 (S.D.N.Y. filed Jan. 9, 2023).

11

Finally, based on this Court's independent review of the fee applications, including the detailed time sheets submitted by Counsel and the rest of the record, the Court concludes it was not an abuse of discretion for the bankruptcy court to approve the requested fee awards. See, e.g., In re Molina, 632 B.R. at 577 (overruling a trustee's objection that "motions to dismiss are routine in Chapter 13 cases and . . . that the fee is excessive" and allowing $500 fee request for one hour of attorney work on the motion); In re Greene, 138 B.R. 403, 408–09 (Bankr. S.D.N.Y. 1992) (granting part of fee application for work on claim objection by chapter 13 debtors' counsel, because "[t]he debtors, acting in their fiduciary capacities as Chapter 13 debtors, were entitled to reduce objectionable or unallowable claims for the benefit of their estates"); In re Polanco, 626 B.R. at 18, 30–32 (finding rates of $500 per hour for partner time and $200 per hour for paralegal time were reasonable and "consistent with hourly rates that are regularly approved in [the Eastern] District [of New York] and the Southern District of New York," and approving 1.6 hours of attorney time for work on trustee's motion to dismiss that was ultimately withdrawn and another motion by the trustee).

## CONCLUSION

Accordingly, the bankruptcy court's orders of August 15, 2022, in both the Boone Case and the Byrne Case, are AFFIRMED.

The Clerk is instructed to close these cases.

Dated: August 23, 2023
      White Plains, NY                   SO ORDERED:

                                                          Vincent L. Briccetti
                                                          United States District Judge